UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 1:15-cv-21482-JLK

KATHY SALAS,

    Plaintiff,

vs.

CAITLIN SLAYBACK, and
MICHAEL PEREZ,

    Defendants.

_____/

## PRE-TRIAL STIPULATION

Kathy Salas, plaintiff ("Plaintiff") and, defendant Caitlin Slayback and Michael Perez ("Defendants") in this Fair Labor Standards Act litigation SUBMIT THE FOLLOWING PRE-TRIAL STIPULATION through their respective counsels pursuant to the Court's Order [DE 13].

1. Narrative Statement of the Case
   a. **Plaintiff** - Plaintiff was a domestic service worker for Defendants at Defendants' home in Miami Florida from approximately January 19, 2015 to February 28, 2015. Plaintiff was hired by Defendant Caitlin Slayback to be responsible for Defendants' two (2) year old child, light house cleaning, grocery shopping, and cooking. Plaintiff's position was to be "part-time" and she was supposed to be paid $150.00 for 30 hours of work each week. Plaintiff also agreed she would be paid $12/hr. (if the child was awake) for hours she worked in excess of the agreed upon 30 hours per week or $10/hr. if the child was asleep. Plaintiff worked in excess of the agreed upon 30 hours per week and was not compensated for the extra hours. Defendants were aware of the number of extra hours Plaintiff was working, and when Plaintiff asked to be paid for the extra hours, her employment was terminated.

      b. **Defendants** -

2. Jurisdiction - This Court has original jurisdiction over Plaintiff's federal question claims (FLSA).
3. The Pleadings Raising the Issues
    a. Plaintiff's Complaint [DE 1];
    b. Defendants' Answer [DE 12].
4. List of Undisposed Motion or other matters requiring action by the Court.
    a. None.
5. A concise statement of uncontested facts which will require no proof at trial, with reservations, if any.
    a. Pursuant to the Court's Order [DE 20] granting partial summary judgment for the Plaintiff as to liability for Counts I & III, the only issue for determination at trial is damages.
    b. Plaintiff worked as a domestic service employee for Defendants from approximately January 19, 2015 to February 28, 2015. [DE12¶15].
    c. Plaintiff's job duties included being responsible for Defendants' two (2) year old child, light house cleaning, grocery shopping and cooking. [DE 12¶17].
    
    Request for Admissions
    
    d. Defendants promised Plaintiff she was to be paid $12/hr. for hours she worked while the child was awake in excess of the agreed upon 30 hours per week or $10/hr. if the child was asleep. [PRFA ¶5][1].
    e. Defendant Slayback was aware Plaintiff was working hours in excess of the agreed upon hours she would be required to work each week. [[PRFA ¶6].
    f. Defendant Slayback did not pay Plaintiff for the extra hours she worked each week. [PRFA ¶7].

---

[1] Plaintiffs Request for Admissions ("PRFA") which were served upon Defendants' counsel on March 11, 2016; Defendant Slayback has not responded.

    g. Plaintiff was responsible for watching (babysitting) the child when Defendants were not at home. [PRFA ¶9].

    h. Defendant Slayback did not provide a timeclock for Plaintiff to record her hours she worked each week. [PRFA ¶14].

    i. Plaintiff was verbally fired before the March 5th, 2015 letter was written. [PRFA ¶20].

6. A statement in reasonable detail of issues of fact which remain to be litigated at trial:

    a. The number of hours Plaintiff worked for Defendants each week.

    b. The rate of pay Plaintiff is entitled to be paid for working for Defendants for the additional hours.

    c. The amount gross amount Plaintiff was entitled to be paid minus wages already paid to Plaintiff.

    d. The amount of damages to be paid to Plaintiff for retaliatory discharge.

7. A concise statement of issues of law which there is agreement.

    a. At all times material, Defendants were employers as defined by 29 U.S.C. § 203(d). [DE 12¶ 9].

    b. Plaintiff was a domestic service employee covered by the FLSA. [DE 12¶13].

    c. During the relevant time period, the applicable Florida minimum wages was $8.05/hr. [DE 12¶16].

    d. Plaintiff's wages were based upon her part-time work schedule. [DE 12¶20].

8. A concise statement of issues of law which remain for determination by the Court.

    a. None.

9. Each party's numbered list of trial exhibits, other than impeachment exhibits, with objections, if any, to each exhibit, including the basis of all objections to each document, electronically stored information and thing. The list of exhibits shall be on separate schedules attached to the stipulation, should identify those which the party expects to offer and those which the party may offer if the need arises, and should identify concisely

the basis for objection. In noting the basis for objections, the following codes should be used:

    A–Authenticity

    I–Contains inadmissible matter (mentions insurance, prior conviction, etc.)

    R–Relevancy

    H–Hearsay

    UP–Unduly prejudicial-probative value outweighed by undue prejudice

    P–Privileged

10. Each party's numbered list of trial witnesses, with their addresses, separately identifying those whom the party expects to present and those whom the party may call if the need arises. Witnesses whose testimony is expected to be presented by means of a deposition shall be so designated. Impeachment witnesses need not be listed. Expert witnesses shall be so designated.

11. Estimate length of trial is two (2) days.


    /s Lowell J. Kuvin, Esq.
    Lowell J. Kuvin
    Fla. Bar No.:53072
    lowell@kuvinlaw.com
    Law Office of Lowell J. Kuvin
    17 East Flagler St. Suite 223
    Miami Florida 33131
    Tele:   305.358.6800
    Fax:    305.358.6808
    *Attorney for Plaintiff*