UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-CV-21482 JLK

KATHY SALAS,

     Plaintiff,

vs.

CAITLIN SLAYBACK and MICHAEL
PEREZ,

     Defendants.

_____/

## JOINT PROPOSED JURY INSTRUCTIONS

     Plaintiff, KATHY SALAS, and Defendants, CAITLIN SLAYBACK and MICHAEL PEREZ, by and through their respective undersigned counsel, respectfully submit their joint proposed jury instructions.  These joint proposed jury instructions are in addition to the Court's standard jury instructions.

Respectfully submitted October 20, 2016.

By: /s/ Lowell J. Kuvin
Lowell J. Kuvin, Esq.
Florida Bar No. 53072
lowell@kuvinlaw.com
sunny@kuvinlaw.com
*Law Office of Lowell J. Kuvin*
17 East Flagler Street, Suite 223
Miami, Florida 33131
Tel.: 305.358.6800
Fax: 305.358.6808
*Attorneys for Plaintiff*

By: /s/ Dennis Bedard
Dennis Bedard, Esq
Florida Bar No. 759279
dennisbedard@mac.com
dennisbedard@me.com
dennisbedard@bellsouth.net
1717 N. Bayshore Drive
Suite 215
Miami, Florida 33132
Tel.: 305-530-0795
Fax: 305-530-9587
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

     I hereby certify that on October 20, 2016, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF which will automatically serve a copy of the foregoing upon all counsel of record.

By: /s/ Lowell J. Kuvin
     Lowell J. Kuvin, Esq.

**1.1 General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court

may receive the exhibit. If I sustain the objection, then the witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

· the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

· the witness's memory;

· the witness's manner while testifying;

· any interest the witness has in the outcome of the case;

· any bias or prejudice the witness may have;

· any other evidence that contradicts the witness's testimony;

· the reasonableness of the witness's testimony in light of all the evidence; and

· any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case</u>:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, Kathy Salas, claims the Defendants, Caitlin Slayback and Michael Perez, hired her to work as a nanny to take care of their 2 year old child, to do light house cleaning, to do the grocery shopping and cooking. Ms. Salas' position was a part time job where she was to be paid $150 per week for 30 hours of work. Ms. Salas claims she worked in excess of the agreed upon 30 hours per week and asked to be paid for the additional hours she worked. When Ms. Salas complained to the Defendants that she was not being paid for all of the hours she worked, she was retaliated against; that is, the Defendants fired her for complaining. The Court has already made a legal determination of several issues regarding Ms. Salas' claims and several remain to be decided by you. During this lawsuit the Court has made the legal determination that:

a.  The Defendant Caitlin Slayback was Ms. Salas' employer.

b. The Defendant Caitlin Slayback did not pay Ms. Salas the correct hourly legal rate for the 30 hours Ms. Salas worked each week.

c. The Defendant Caitlin Slayback did not pay Ms. Salas for the extra hours (in excess of 30 hours each) she worked each week.

d. The Defendant Caitlin Slayback retaliated against Ms. Salas by terminating her employment because Ms. Salas complained that she was not being paid for all of the hours she worked each week.

What remains for you to determine is whether Michael Perez was Ms. Salas' employer and whether Michael Perez participated in the decision to terminate Ms. Salas' employment because Ms. Salas complained that she was not being paid for all the hours she worked each week, and, the extent of the damages or money, if any, that should be paid by Defendant Caitlin Slayback and/or Michael Perez to Ms. Salas.

The Defendant Michael Perez denies that he was Ms. Salas' employer and denies that he participated in the decision to terminate Ms. Salas' employement.

The Defendants Caitlin Slayback and Michael Perez deny that Ms. Salas sustained any damages and deny that they owe her any damages or money.

Burden of proof:

Kathy Salas has the burden of proving the damages she is owed by what the law calls a "preponderance of the evidence." That means Ms. Salas must prove

that, in light of all the evidence, what she claims is more likely true than not. So, if you could put the evidence favoring Ms. Salas and the evidence favoring Ms. Slayback or Mr. Perez on opposite sides of balancing scales, Ms. Salas needs to make the scales tip to her side. If Ms. Salas fails to meet this burden, you must find in favor of Ms. Slayback or Mr. Perez.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, Snap Chat, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

<u>Taking notes</u>:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

<u>Course of the trial</u>:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Ms. Salas will present her witnesses and ask them questions. After Ms. Salas questions the witness, Ms. Slayback or Mr. Perez may ask the witness questions – this is called "cross-examining" the witness. Then Ms. Slayback or Mr. Perez will present their witnesses, and Ms. Salas may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**ANNOTATIONS AND COMMENTS**

**1.5 Interim Statements**

At times during the trial, the lawyers will address you. You'll soon hear the lawyers' opening statements, and at the trial's conclusion you'll hear their closing arguments. Sometimes the lawyers may choose to make short statements to you, either to preview upcoming evidence or to summarize and highlight evidence they just presented. These statements and arguments are the lawyers' views of the evidence or of what they anticipate the evidence will be. They are not evidence themselves.

## 2.1 Stipulations

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

## 2.2 Use of Depositions

A deposition is a witness' sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of Ms. Slayback was taken on August 6, 2015 and Mr. Perez's was taken on April 11, 2016. Their depositions may be presented to you by a reading of the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

**2.5 Judicial Notice**

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted the fact that the Florida minimum wage rate during the time Ms. Salas was employed was $8.05/hour as proved even though no one introduced evidence to prove it. You must accept it as true for this case.

**2.6 Use of Interrogatories**

[You'll now hear/You've heard] answers that Caitlin Slayback gave in response to written questions that the other side submitted. The questions are called "interrogatories." Before the trial, Caitlin Slayback gave the answers in writing while under oath.

You must consider Caitlin Slayback's answers to interrogatories as though Caitlin Slayback gave the answers on the witness stand.

**3.1 Introduction**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 15-21482-CV JLK

KATHY SALAS,

     Plaintiff,

vs.

CAITLIN SLAYBACK and
MICHAEL PEREZ

     DefendantS.
_____/

<u>COURT'S INSTRUCTIONS TO THE JURY</u>

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding

this case.

When I have finished you will go to the jury room and begin your

discussions, sometimes called deliberations.

**3.2 The Duty to Follow Instructions – No Corporate Party Involved**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

### 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**3.4 Credibility of Witnesses**

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

### 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

### 3.7.1 Responsibility for Proof – Plaintiff's Claim[s], Cross Claims, Counterclaims – Preponderance of the Evidence

In this case, it is the responsibility of Ms. Salas to prove every essential part of her claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Ms. Salas' claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against Ms. Salas.

When more than one claim is involved, you should consider each claim separately.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Ms. Salas' claim by a preponderance of the evidence, you should find for the Defendant as to that claim.

### 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**3.9 Election of Foreperson Explanation of Verdict Form[s]**

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**4.14 Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq.**

In this case, Ms. Salas claims that Mr. Perez did not pay Ms. Salas the minimum wage required by the federal Fair Labor Standards Act, also known as the FLSA.

To succeed on her claim against Mr. Perez, Ms. Salas must prove each of the following facts by a preponderance of the evidence:

First:    Ms. Salas was an employee of Mr. Perez; and

Second: Mr. Perez failed to pay Ms. Salas the minimum wage required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Ms. Salas must prove by a preponderance of the evidence that she was an employee of Mr. Perez.

Minimum wage claim: The minimum wage required by the FLSA during the period involved in this case was $ 8.05 per hour.

The amount of damages is the difference between the amount Ms. Salas should have been paid and the amount she was actually paid.

**Inadequate Records:** The law requires an employer to keep records of how many hours their employees work and the amount they are paid. In this case, Ms. Salas claims that Ms. Slayback and Mr. Perez failed to keep and maintain adequate records of her hours and pay. Ms. Salas also claims that Ms. Slayback and Mr.

Perez's failure to keep and maintain adequate records has made it difficult for Ms. Salas to prove the exact amount of her claim.

If you find that Ms. Slayback or Mr. Perez failed to keep adequate time and pay records for Ms. Salas and that Salas performed work for which she should have been paid, Ms. Salas may recover a reasonable estimation of the amount of her damages. But to recover this amount, Ms. Salas must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which she seeks pay.

## SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That Ms. Salas was an employee of Mr. Perez?

        Answer Yes or No     _____

If your answer is "No," this ends your deliberations as to Mr. Perez and you must skip to Question No. 5. If your answer is "Yes," go to the next question.

2. That Mr. Perez failed to pay Ms. Salas the minimum wage required by law?

        Answer Yes or No     _____

If your answer is "No," this ends your deliberations as to Mr. Perez and you must skip to Question No. 5.  If your answer is "Yes," go to the next question.

3. That Mr. Perez knew or showed reckless disregard for whether the FLSA prohibited his conduct?

Answer Yes or No        _____

4. That Ms. Salas should be awarded damages?

Answer Yes or No        _____

If your answer is "No," you must skip to Question No. 5.

If your answer is "Yes,"
in what amount?        $_____

If you entered an amount, then do not answer Question No. 5.

5. Since the Court has already determined that Caitlin Slayback did not pay Ms. Salas the correct hourly legal rate for the 30 hours Ms. Salas worked each week and did not pay Ms. Salas for the extra hours (in excess of 30 hours) she worked each week, what amount should Ms. Salas be awarded? $_____.

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

## ANNOTATIONS AND COMMENTS

The Fair Labor Standards Act ("FLSA") is found at 29 U.S.C. § 201 *et seq.* Pattern Instruction 4.14 is intended to be used in cases where the plaintiff alleges that the defendant employer failed to pay the minimum wage or overtime pay required by the FLSA. Pattern Instruction 4.14 contains bracketed instructions for each type of FLSA claim.

## I. Elements and Defenses

### A. "Employee"

Pattern Instruction 4.14 instructs that the plaintiff must have been an employee of the defendant. For cases in which this issue is disputed, the instruction and verdict form should be adapted accordingly. For pattern instructions concerning issues of joint employers or independent contractors, please see Pattern Instructions 4.24 and 4.25, *infra*.

The employee must also be "engaged in commerce" within the meaning of the FLSA or "employed by an enterprise engaged in commerce." For a discussion of the "engaged in commerce" requirement, please see *Martinez v. Palace*, 414 F. App'x 243 (11th Cir. 2011) (per curiam) (finding that a cook at a local restaurant in Alabama was not "engaged in commerce" within the meaning of the FLSA).

### B. Amount of Work Performed: Inaccurate or Inadequate Employer Records

When an employer's records are "inaccurate or inadequate and the employee cannot offer convincing substitutes," then an employee has carried his burden of proving that he has performed work for which he was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), *superseded by statute on other grounds as stated in Carter v. Panama Canal Co.*, 463 F.2d 1289, 1293-94 (D.C. Cir. 1972). "The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." *Id.* at 687-88.

### C. Regular Rate of Pay

When an employee is compensated solely on a weekly salary basis, the regular hourly rate of pay, on which time and a half must be paid, is computed by dividing the salary by the number of hours the salary is intended to compensate. *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1268 (11th Cir. 2008). For overtime claims involving an employee who is paid a constant weekly salary for fluctuating hours, it may be necessary to modify the instruction so that the jury is instructed on the "fluctuating workweek method" for calculating damages. *See generally Lamonica v. Safe Hurricane*

*Shutters, Inc.*, No. 11-15743, 2013 WL 811906 (Mar. 6, 2013); *see also* 29 C.F.R. § 778.114 (explaining how to use the fluctuating workweek method).

### D. Exemptions

Pattern Instruction 4.14 leaves it to the court to fashion an instruction regarding the elements of a claimed exemption. The most common exemptions from the overtime pay requirement exist for employees in a "bona fide executive, administrative, or professional capacity" as defined by regulations of the Secretary. 29 U.S.C. § 213(a)(1). The elements of the exemptions may be found at 29 C.F.R. § 541.1 *et seq*.

In a suit under the FLSA, the employer carries the burden of proving an overtime pay exemption. *Hogan v. Allstate Ins. Co.*, 361 F.3d 621, 625 (11th Cir. 2004) (per curiam).

## II. Remedies

### A. Public Employees

Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., a public employee working overtime has the choice to be reimbursed either in the form of wages or compensatory time. 29 U.S.C. § 207(a)(o). A public employer may only substitute compensatory compensation for overtime pay pursuant to a collective bargaining agreement or agreement between the employer and employee if there is no applicable collective bargaining agreement. 29 U.S.C. § 207(o)(2)(A); *Chesser v. Sparks* 248 F.3d 1117, 1120 n.1 (11th Cir. 2001).

### B. Liquidated Damages, Good Faith and Willful Violations

The FLSA provides for liquidated damages and states that such damages shall be paid unless the "employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act," in which case "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified in section 216" of the FLSA. 29 U.S.C. § 260. Under the plain language of the statute, this is a question for the court to determine not the jury. Thus, the court and the jury answer what is essentially the same question for two different purposes. The willfulness or good faith question is answered first by the jury to determine the period of limitations and then, if there is a verdict for the employee, again by the judge to determine whether to award liquidated damages. *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1282 (11th Cir. 2008).

When the jury finds an employer has violated the FLSA and assesses compensatory damages, the district court generally must add an award of liquidated damages in an equal amount. 29 U.S.C. § 216(b) ("Any employer who violates the

provisions of… section 207 of this title shall be liable to the employee or employees affected in the amount of… their unpaid overtime compensation… and in an additional equal amount as liquidated damages."); *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1163 (11th Cir. 2008). However, the district court has discretion to reduce or deny liquidated damages "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the [FLSA]." *Morgan*, 551 F.3d at 1282 (alteration in original) (internal quotation marks omitted); *see also* 29 U.S.C. § 260. A district court must find that an employer acted in good faith in violating the FLSA before it may award less than the full amount of liquidated damages. *Joiner v. City of Macon*, 814 F.2d 1537, 1539 (11th Cir. 1987). If the jury finds that the employer acted willfully, however, then the court cannot find that the employer acted in good faith, and the court must award liquidated damages. A jury's finding that the employer acted willfully precludes the court from finding that the employer acted in good faith when it decides the liquidated damages question. *Alvarez Perez*, 515 F.3d at 1166.

The statute of limitations for a claim seeking unpaid overtime wages under the FLSA is generally two years. "But if the claim is one 'arising out of a willful violation,' the statute of limitations is extended to three years." *Morgan*, 551 F.3d at 1280 (quoting 29 U.S.C. § 255(a)).

To prove willfulness and therefore obtain the benefit of the three year statute of limitations, an employee must establish that the employer "knew, or showed reckless disregard for, the fact that its conduct was forbidden by the FLSA." *Morgan*, 551 F.3d at 1283.

**4.22 Retaliation – FLSA**

In this case, Ms. Salas claims that Mr. Perez retaliated against Ms. Salas because Ms. Salas took steps to enforce her lawful rights under FLSA.

Laws that prohibit discrimination in the workplace also prohibit an employer from taking any retaliatory action against an employee because the employee has asserted rights or made complaints under those laws.

Ms. Salas claims that Mr. Perez terminated her employment because Ms. Salas complained that she was not being paid for all of the hours that she worked each week.

Mr. Perez denies Ms. Salas' claim and asserts that he terminated her employment for other reasons.

To succeed on her claim, Ms. Salas must prove each of the following facts by a preponderance of the evidence:

First:   Ms. Salas engaged in a protected activity;

Second: Mr. Perez then took an adverse employment action;

Third:  Mr. Perez took the adverse employment action because of Ms. Salas' protected activity; and

Fourth: Ms. Salas suffered damages because of the adverse employment action.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

If you find that Ms. Salas was Mr. Perez's employee, and that Mr. Perez terminated Ms. Salas' employment, you must decide whether Mr. Perez took that action because Ms. Salas complained that she was not being paid for all of the hours that she worked each week.

To determine that Mr. Perez terminated Ms. Salas' employment because Ms. Salas complained that she was not being paid for all of the hours that she worked each week, you must decide that Mr. Perez would not have terminated her employment if Ms. Salas had not complained that she was not being paid for all of the hours that she worked each week.

Mr. Perez denies that he terminated Ms. Salas' employment because Ms. Salas complained that she was not being paid for all of the hours that she worked each week, and claims that he made the decision for other reasons.

An employer may not discriminate against an employee because the employee has asserted rights or made complaints under the FLSA, but an employer may terminate an employee for any other reason, good or bad, fair or unfair. If you believe Mr. Perez's reason for his decision to terminate Ms. Salas' employment, and you find that Mr. Perez's decision was not because Ms. Salas complained that she was not being paid for all of the hours that she worked each week, you must not second guess that decision, and you must not substitute your own judgment for Mr. Perez's judgment – even if you do not agree with it.

As I have explained, Ms. Salas has the burden to prove that Mr. Perez's decision to terminate Ms. Salas' employment was because Ms. Salas complained that she was not being paid for all of the hours that she worked each week. I have explained to you that evidence can be direct or circumstantial. To decide whether Mr. Perez's decision to terminate Ms. Salas' employment was because Ms. Salas complained that she was not being paid for all of the hours that she worked each week, you may consider the circumstances of Mr. Perez's decision. For example, you may consider whether you believe the reason Mr. Perez gave for the decision. If you do not believe the reason he gave for the decision, you may consider whether the reason was so unbelievable that it was a cover-up to hide the true discriminatory reasons for the decision.

If you find in Ms. Salas' favor for each fact she must prove, you must consider Ms. Salas' compensatory damages.

When considering the issue of Ms. Salas' compensatory damages, you should determine what amount, if any, has been proven by Ms. Salas by a preponderance of the evidence as full, just and reasonable compensation for all of Ms. Salas' damages as a result of the retaliatory termination of her employment, no more and no less. Compensatory damages are not allowed as a punishment and must not be imposed or increased to penalize Mr. Perez. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that Ms. Salas has proved it by a preponderance of the evidence, and no others: net lost wages and benefits from the date of termination to the date of your verdict.

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has a duty under the law to "mitigate" those damages. For purposes of this case, the duty to mitigate damages requires Ms. Salas to be reasonably diligent in seeking substantially equivalent employment to the position she held with Mr. Perez. To prove that Ms. Salas failed to mitigate damages, Mr. Perez must prove by a preponderance of the evidence that: (1) work comparable to the position Ms. Salas held with Mr. Perez was available, and (2) Ms. Salas did not make reasonably diligent efforts to obtain it. If, however, Mr. Perez shows that Ms. Salas did not make reasonable efforts to obtain any work, then Mr. Perez does not have to prove that comparable work was available.

If you find that Mr. Perez proved by a preponderance of the evidence that Ms. Salas failed to mitigate damages, then you should reduce the amount of Ms. Salas' damages by the amount that could have been reasonably realized if Ms. Salas had taken advantage of an opportunity for substantially equivalent employment.

Ms. Salas also claims that Mr. Perez willfully violated the law. You will only consider this issue if you find for Ms. Salas and award her compensatory damages.

If Mr. Perez knew that his termination of Ms. Salas' employment because she complained that she was not being paid for all of the hours that she worked each week violated the law, or acted in reckless disregard of that fact, then his conduct was willful. If Mr. Perez did not know, or knew only that the law was potentially applicable, and did not act in reckless disregard about whether the law prohibited his conduct, his conduct was not willful.

## SPECIAL INTERROGATORIES TO THE JURY

**Do you find from a preponderance of the evidence:**

1. That Ms. Salas engaged in protected activity?

Answer Yes or No _____

If your answer is "No," you must skip to Question No. 6. If your answer is "Yes," go to the next question.

2. That Mr. Perez took an adverse employment action against Ms. Salas?

Answer Yes or No _____

If your answer is "No," you must skip to Question No. 6. If your answer is "Yes," go to the next question.

3. That Mr. Perez took the adverse employment action because of Ms. Salas' protected activity?

> Answer Yes or No            _____

If your answer is "No," you must skip to Question No. 6. If your answer is "Yes," go to the next question.

4. That Mr. Perez willfully violated the law?

> Answer Yes or No            _____

5. That Ms. Salas suffered damages because of the adverse employment action?

> Answer Yes or No            _____
>
> If your answer is "Yes,"
> in what amount?        $_____

If your answer is "Yes," this ends your deliberations.  If your answer is "No," go to the next question.

6. Since the Court has already determined that Caitlin Slayback retaliated against Ms. Salas by terminating her employment because Ms. Salas complained that she was not being paid for all of the hours she worked each week, what amount should Ms. Salas be awarded? $_____.

SO SAY WE ALL.

> _____
> Foreperson's Signature

DATE: _____

## ANNOTATIONS AND COMMENTS

### I. Causes of Action

Pattern Instruction 4.22 is intended to be used for retaliation claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3 (a), the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(d); the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12203; and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 215(a)(3).

Pattern Instruction 4.22 is *not* intended to be used for retaliation claims arising under 42 U.S.C. § 1981 ("§ 1981"). For retaliation claims under that statute, please see Pattern Instruction 4.21, *supra*. Pattern Instruction 4.22 is also not intended to be used for retaliation claims arising under the Uniformed Services Employment and Reemployment Rights Act of 1994, 38 U.S.C. § 4301 *et seq.* ("USERRA") or the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* For USERRA retaliation claims, please see Pattern Instruction 4.19, *supra*. For FMLA retaliation claims, please see Pattern Instruction 4.15, *supra*.

### II. Elements and Defenses

#### A. Participation Clause Claims v. Opposition Clause Claims

Title VII's anti-retaliation provision contains two clauses: the "opposition clause" and the "participation clause." 42 U.S.C. § 2000e-3(a). The opposition clause "prohibits retaliation against an employee for opposing any practice made unlawful by Title VII." *Valdes v. Miami-Dade Coll.*, 463 F. App'x 843, 846 (11th Cir. 2012) (per curiam). The participation clause "protects activities which occur in conjunction with or after the filing of a formal charge with the EEOC." *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000). Due to differences between these two clauses, the pattern charge provides separate charges for each type of claim.

The Eleventh Circuit has held that "expansive protection is available" for participation clause activity. *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1176-77 (citing *Pettway v. Am. Cast Iron Pipe Co.*, 411 F.2d 998, 1007 (5th Cir. 1969)). Therefore, an employee cannot be fired for anything written in an EEOC charge. *Id*. Thus, if employee engaged in participation clause activity, that activity is protected under Title VII, and no "good faith" inquiry is necessary.

In contrast, where a plaintiff's retaliation claim arises from the opposition to an allegedly unlawful practice, "a plaintiff must show that he 'had a good faith, reasonable belief that the employer was engaged in unlawful employment practices.'" *Boyland v. Corr. Corp. of Am.*, 390 F. App'x 973, 975 (11th Cir. 2010) (per curiam). The plaintiff "need not prove the underlying claim of discrimination which led to [his] protest." *Tipton*

*v. Canadian Imperial Bank of Commerce*, 872 F.2d 1491, 1494 (11th Cir. 1989). The plaintiff must show that he held a reasonable, good faith belief that the discrimination existed. *Id.* To demonstrate that he held a reasonable, good faith belief that discrimination occurred, the plaintiff must show not only that he subjectively believed that his employer's behavior was discriminatory, "but also that his belief was objectively reasonable in light of the facts and record presented." *Butler v. Ala. Dep't of Transp.*, 536 F.3d 1209, 1213 (11th Cir. 2008) (quoting *Little v. United Techs., Carrier Transicold Div.*, 103 F.3d 956, 960 (11th Cir. 1997)). The protection afforded under the opposition clause extends to an employee who speaks out about sexual harassment, not only on her own initiative but also in answering questions during an employer's investigation of a co-worker's complaints. *Crawford v. Metro. Gov't of Nashville & Davidson Cnty., Tenn.*, 555 U.S. 271, 277 (2009).

The anti-retaliation provisions of the ADEA and the ADA track the language of Title VII's anti-retaliation provision. See 29 U.S.C. § 623(d) (prohibiting discrimination "because" employee opposed practices made unlawful by the ADEA or participated in activities in connection with an ADEA EEOC charge); 42 U.S.C. § 12203(a) (prohibiting discrimination "because" employee opposed practices made unlawful by the ADA or participated in activities in connection with an ADA EEOC charge). The anti-retaliation provisions of the FLSA are similar to Title VII's. 29 U.S.C. § 215(a)(3) (prohibiting discrimination "because" employee participated in activities in connection with an FLSA EEOC charge or took other specified actions); 29 U.S.C. § 218c (prohibiting discrimination "because" employee took certain actions in objection to FLSA violations). Therefore, Pattern Instruction 4.22 includes alternative instructions for participation clause claims and opposition clause claims.

### B. Adverse Employment Action

Pattern Instruction 4.22 includes a charge on the definition of an adverse employment action, which is based on the Supreme Court's decision in *Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), which requires proof that the challenged retaliatory conduct is materially adverse. *Id.* at 68. This definition of adverse employment action applies to retaliation claims under the ADA, ADEA, and FLSA. *See, e.g., Burgos-Stefanelli v. Sec'y, U.S. Dept. of Homeland Sec.*, 410 F. App'x 243, 246 (11th Cir. 2011) (applying *Burlington Northern* to an ADA retaliation claim); *Brown v. Northside Hosp.*, 311 F. App'x 217, 224 (11th Cir. 2009) (applying *Burlington Northern* to an ADEA retaliation claim); *Darveau v. Detecon, Inc.*, 515 F.3d 334, 342 (4th Cir. 2008) (applying *Burlington Northern* to an FLSA retaliation claim).

### C. Causation

In *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167 (2009), the Supreme Court held that, based on the statutory language of the ADEA, a plaintiff must prove that "age was the 'but-for' cause of the employer's adverse decision," not merely a motivating

factor in the decision. *Id.* at 176-77. The Court also rejected the mixed motive defense (also known as the same decision defense) in the context of the ADEA, noting that unlike under Title VII, a mixed motive defense was not incorporated into the ADEA. *Id.* at 173-75. Although the Eleventh Circuit has not, at the time of this publication, issued an opinion on this matter, the Committee believes that the rationale of *Gross* extends to retaliation claims under the ADEA, the ADA, and the FLSA because the statutory causation language is the same as or similar to the statutory causation language applicable to ADEA discrimination claims. *See* 29 U.S.C. § 215(a)(3) (FLSA); 29 U.S.C. § 623 (a) , (d) (ADEA); 42 U.S.C. § 12203 (a) (ADA). For these reasons, Pattern Instruction 4.22 instructs that the adverse employment action must be "because of" the plaintiff's protected activity.

In addition, Pattern Instruction 4.22 applies to Title VII retaliation claims. In *University of Texas Southwestern Medical Center v. Nassar*, No. 12-484, 2013 WL 3155234 (U.S. June 24, 2013), the Supreme Court extended the rationale of *Gross* to Title VII retaliation claims "[g]iven the lack of any meaningful textual difference between, the text in the Title VII's anti-retaliation provision and the ADEA's anti-retaliation provision. *Nassar*, 2013 WL 3155234, at *10. Therefore, "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened causation test stated in [42 U.S.C.] § 2000e-2(m)." *Id.* at *14.

### D. Pretext

Pattern Instruction 4.22 includes in brackets an optional charge discussing the inference of pretext. The basis for this charge is explained in further detail in the annotations following Pattern Instruction 4.5, *supra*.

## III. Remedies

The remedies for ADA and ADEA retaliation claims match the remedies for disparate treatment claims under the ADA and ADEA, and the remedies for an FLSA retaliation claim are governed by the same damages measures as an ADEA retaliation claim, subject to the limitations discussed in the annotations following Pattern Instruction 4.10, *supra*. *See* 29 U.S.C. § 216(b) (FLSA); 29 U.S.C. § 626(b) (ADEA); 42 U.S.C. § 12117(a) (ADA). Thus, the jury charges on damages in the corresponding disparate treatment instructions may be incorporated into the model retaliation instruction as appropriate.

## IV. When the Case Involves Both Discrimination and Retaliation Claims

In some cases, a plaintiff will bring both discrimination and retaliation claims. In those cases, the court should charge all of the elements of a discrimination and retaliation

claim except damages separately, then give a charge on damages that applies to both types of claims.